IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01468-MSK-MJW

JOSEPH E. ARCHIBEQUE,

       Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,
CORRECTION OFFICER HASUI, Badge #10567,
CORRECTIONAL OFFICER GUTIERRIZ, Female,
CORRECTION OFFICER MAJOR ROBINETTE,
CORRECTION OFFICER CAPTAIN TRUJILLO,
CORRECTION OFFICER LIEUTENANT MARTINEZ, and
CORRECTION OFFICER SERGEANT CASTILLO,

       Defendants.

___

**OPINION AND ORDER GRANTING, IN PART, MOTION TO DISMISS**
___

      **THIS MATTER** comes before the Court pursuant to Defendant Gutierriz's Motion to Dismiss **(# 19)**, and the remaining Defendants' Motion to Dismiss **(# 20)**. No response has been filed to either motion by the Plaintiff.

      The Plaintiff's *pro se* Complaint **(# 3)**, filed July 25, 2006, alleges that, at the time of the alleged incident, the Plaintiff was an inmate of the Colorado Department of Corrections in Fort Lyon, Colorado. He alleges that on January 10, 2006, Defendants Hasui and Gutierriz allowed two inmates to view security footage of the Plaintiff removing playing cards from the Game Room. As a result, the Plaintiff contends that he was labeled by his fellow inmates as a "jail house thief" and a "snitch," that he "came very close to getting hurt many times," and experiences stress

1

and anxiety. On February 12, 2006, the Plaintiff spoke to Defendant Castillo about the threats he had been receiving and a situation in which he was "hit in the head with an apple." Defendant Castillo deferred the Plaintiff's complaints to Defendant Martinez, the Shift Commander. Defendant Martinez told the Plaintiff to take responsibility and deal with the situation." The Plaintiff was again harassed the following day, and demanded to be placed in protective custody, but his request was denied. The Plaintiff confronted Defendant Trujillo, who denied that the initial incident involving the other inmates viewing the security footage happened. The Plaintiff states that he filed a few "kites," but does not expressly state that he invoked the Department of Corrections' Grievance Procedure.[1] Read liberally, the Complaint appears to allege two claims arising under 42 U.S.C. § 1983: (i) that Defendants Hasui and Gutierriz exhibited deliberate indifference for the Plaintiff's safety in violation of the 8th Amendment by displaying the video footage for other inmates; and (ii) that the remaining Defendants also exhibited deliberate indifference to his safety in violation of the 8th Amendment by refusing to take action to remedy the situation.

On August 22, 2006, the Magistrate Judge issued an Order to Show Cause **(# 6)**, noting the Plaintiff's apparent failure to exhaust the Department of Corrections' Grievance Procedure, and instructing the Plaintiff to show cause why the case should not be dismissed as unexhausted pursuant to 42 U.S.C § 1997e(a). On September 1, 2006, the Plaintiff responded **(# 9)** to the Order to Show Cause, stating "Due to the seriousness and urgency in the timing of this incident,

---

[1] In the section of the form Complaint asking about exhaustion of administrative remedies, the Plaintiff wrote "I absolutely exhausted my efforts to remedy this unfortunate situation: Numerous verbal cry's out for help to at least 7 correction officer's with a rank of sergeant or higher. Submitted are letters and kites written while going through this terrible ordeal: There was no other relief possible through the administrative process."

filing a grievance was not appropriate." He also stated that "I did consider filing a grievance," that he spoke to his Case Manager on January 16, 2006, and that his Case Manager "disuyed [sic]/discouraged me fro filing a grievance[;] he suggested I continue to try to resolve the matter informally." The Plaintiff's response goes on to note that he obtained some reassurances from Defendant Robinette that he would be transferred to another facility, but that no transfer took place. The Plaintiff also states that "4 or 5 days after" talking to his Case Manager, he asked for a grievance form and was told "I don't have time for your nonsense." The Plaintiff's response states that he eventually wrote the Warden, and finally obtained the relief he sought in the form of a transfer. As a result of this response, the Magistrate Judge discharged (# 10) the Order to Show Cause.

All of the Defendants then filed the instant motions to dismiss. All of the Defendants assert the same argument: that the Plaintiff's claims must be dismissed under 42 U.S.C. §1997e(a) for failure to exhaust administrative remedies. In addition, Defendant Colorado Department of Corrections moves to dismiss the claims against it on the grounds of Eleventh Amendment immunity. The Plaintiff has not responded to either motion.

Turning first to the Eleventh Amendment immunity argument, it is clear that the Colorado Department of Corrections, as an arm of the State of Colorado, is immune from suit in the situation presented here. *Griess v. State of Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Accordingly, the claims against Defendant Colorado Department of Corrections are dismissed.

As to the remaining Defendants, 42 U.S.C. § 1997e(a) provides that no suit may be brought with respect to prison conditions unless the inmate has first exhausted all available administrative remedies. The duty to exhaust extends to all suits challenging aspects of prison

3

life, whether it be general circumstances or particular instances of conduct. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The only criteria to be evaluated is whether the administrative remedy is "available" to the inmate; the fact that it may not be sufficiently "plain, speedy [or] effective" is not relevant. *Id.* at 524. The duty to exhaust exists even if the remedy sought by the inmate – *e.g.* monetary damages – is not available under the terms of the administrative remedy. *Id.* A remedy is not "available" if prison officials take action to obstruct an inmate's ability to avail himself of it. *Kaba v. Stepp*, 458 F.3d 678, 685 (7th Cir. 2006). Thus, the failure to provide inmates with grievance forms may render the grievance process "unavailable," as may threats or intimidation from prison officials. *Id.* at 686.

Failure to exhaust is an affirmative defense, not a jurisdictional or pleading requirement. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007).[2] Because exhaustion is now an affirmative defense, the burden of proving the Plaintiff's failure to exhaust is on the Defendants. *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007). Here, the Defendants have identified the Administrative Regulation[3] embodying the Colorado Department of Corrections' grievance procedure, and have

---

[2] *Jones* was decided by the Supreme Court after the Magistrate Judge had issued the Order to Show Cause, at a time when the law in this Circuit deemed failure to exhaust to be a jurisdictional defect permitting *sua sponte* dismissal. *See e.g. Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir. 2003).

[3] In general, AR 850-04-IV provides that an inmate must file a grievance on an approved form within 30 days of the incident complained of. The procedure then moves to several steps involving escalating review of the issue. The procedure also has a means by which an inmate can file an "emergency grievance" that bypasses several initial steps. According to Section E(1) of the Administrative Regulation, an emergency grievance is initiated by the inmate "articulat[ing] an emergency" to his Case Manager, who then "direct[s]" the inmate to complete an emergency grievance form.

pointed to the Plaintiff's own admission that he did not avail himself of that procedure. This is sufficient to carry the Defendants' burden of showing a failure to exhaust.

The Plaintiff did not respond to the Motions to Dismiss, but in light of his *pro se* status, the Court will liberally construe his response to the Order to Show Cause to constitute a response to the Motions to Dismiss as well. *See generally Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). That response raises three arguments: (i) that the Plaintiff faced an emergency preventing regular resort to the grievance procedure; (ii) that his Case Manager discouraged him from filing a grievance, suggesting he continue to attempt informal resolution; and (iii) that when he later requested a grievance form from his Case Manager, the Plaintiff was told "I don't have time for your nonsense."

The first two contentions presented by the Plaintiff are unavailing. As stated above, even assuming that the situation presented an objective "emergency," the Colorado Department of Corrections' grievance procedure contains a special procedure by which the employee can have an emergency grievance considered expeditiously. The fact that the Plaintiff's Case Manager discouraged the Plaintiff from filing a formal grievance and instead encouraged continued attempts at informal reconciliation does not suffice to render the grievance procedure "unavailable" to the Plaintiff. Informal resolution of a grievance is typically preferable to formal proceedings, *see* Administrative Regulation 850-04-IV, § IV(A)(3) ("It is preferred that offender problems and complaints be resolved . . . whenever possible through discussions and dialogue"), and absent an assertion that the Plaintiff's Case Manager's "discouragement" was unreasonable, the Court cannot say that encouraging informal resolution of the problem obstructed the Plaintiff's ability to obtain formal relief.

5

However, the Court finds that the Plaintiff's third argument may have merit. The Plaintiff alleges that he requested a grievance form from his Case Manager, and was told "I don't have time for your nonsense." Although there is an ambiguity as to whether this statement sufficed as a refusal to provide a grievance form, or was a gratuitous insult provided along with a form, the Court will draw the inference in favor of the Plaintiff and assume the Case Manager refused to supply a form. The grievance procedure expressly requires that grievances be on the prescribed form, and thus, the refusal of the Case Manager to supply the form essentially renders the grievance procedure "unavailable" to the Plaintiff.[4]  *Kaba, supra.*  At this early stage of the litigation, the Plaintiff's mere assertion that he was refused a grievance form is sufficient to prevent dismissal for lack of exhaustion.

Accordingly, Defendant Gutierriz's Motion to Dismiss **(# 19)** is **DENIED**. The remaining Defendants' Motion to Dismiss **(# 20)** is **GRANTED IN PART**, insofar as the claims against

---

[4]The Administrative Regulation provides that "the grievance form and procedures shall be made readily available to all offenders and shall be distributed by the DOC employee designated by the administrative head."  § IV(B)(1)(e). It is not clear whether this regulation permits more than one employee to be "designated" to distribute grievance forms, nor is there any indication by the Defendants that the Plaintiff could have obtained a grievance form from another individual besides his Case Manager.

Defendant Colorado Department of Corrections are **DISMISSED**, and **DENIED IN PART**, in all other respects. The caption of this case shall be amended to omit Defendant Colorado Department of Corrections.

Dated this 21st day of August, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge